UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Matthew Prow,  Case No. 15-cv-3857 (PAM/SER)

          Plaintiff,

v.  **MEMORANDUM AND ORDER**

Tom Roy, John King,
Sandra O'Hara, Steve Hammer,
Mary McComb, Carol Kripner,
Regina Stepney, Lieutenant Lindell,
and Sergeant Hillyard,

          Defendants.

_____

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Steven E. Rau dated August 1, 2016. In the R&R, Magistrate Judge Rau recommends denying Plaintiff's Motion for Summary Judgment without prejudice and denying Defendants' Motion for Extension as moot. Plaintiff filed timely objections to the R&R. According to statute, the Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

**BACKGROUND**

On March 16, 2016, Magistrate Judge Rau issued a Scheduling Order in this matter and set the date to complete discovery as November 1, 2016, the date to file non-dispositive motions as December 1, 2016, and the date to file dispositive motions as January 1, 2017. On July 5, 2016, Plaintiff moved for summary judgment. On July 8,

Defendants' counsel sent a letter to Plaintiff requesting that Plaintiff stipulate to an extension to respond to his Motion. (Jacot Aff. (Docket No. 68) Ex. A.) Defendants' counsel suggested the stipulation because Defendants also plan on moving for summary judgment and because they believe discovery is still ongoing. (Id.) Plaintiff refused to stipulate to the extension. (Jacot Aff. Ex. B.) On July 25, Defendants moved for an extension to respond to Plaintiff's Motion. In addition to the instant Motions, Plaintiff has moved to compel discovery (Docket No. 38) and for a temporary restraining order and preliminary injunction (Docket No. 43).

**DISCUSSION**

District courts "may prescribe any pretrial procedures that the judge deems appropriate and that are consistent with the Federal Rules of Civil Procedure . . .." D. Minn. L.R. 16.1(a). As Magistrate Judge Rau noted in the R&R, the Federal Rules of Civil Procedure should be construed "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Here, waiting for Defendants to move for summary judgment and for the parties to complete discovery before hearing Plaintiff's Motion for Summary Judgment will secure the just, speedy, and inexpensive determination of this matter.

Plaintiff makes a number of objections to the R&R. First, Plaintiff objects to the R&R because it does not consider the merits of his motion for summary judgment and only reports on Defendant's non-dispositive motion for an extension. Therefore, according to Plaintiff, no R&R was needed because magistrate judges may rule on non-dispositive motions pursuant to D. Minn. L.R. 72.1(a)(2). Although Plaintiff is right that

magistrate judges may rule on non-dispositive motions without a R&R, a motion for summary judgment is a dispositive motion whether or not the magistrate judge considers its merits. Therefore, Magistrate Judge Rau correctly issued an R&R on Plaintiff's Motion for Summary Judgment and Defendants' Motion for Extension.

Second, Plaintiff objects to the R&R because he does not intend to seek further discovery. (Pl.'s Obj. (Docket No. 75) ¶ 6.) But in the same paragraph Plaintiff maintains that his Motion to Compel Discovery is still relevant. (Id.) Furthermore, within the last month, Defendants sent Plaintiff a second set of interrogatories and Plaintiff made new document requests. (Jacot Aff. ¶¶ 2-3.) It is clear discovery is still ongoing.

Third, Plaintiff states that the Court has "carte blanche" to consider his motion for summary judgement "at its preferred pace." (Pl.'s Obj. ¶ 7.) The Court agrees and will do so at the end of discovery, in conjunction with Defendants' anticipated motion for summary judgment.

Fourth, Plaintiff objects to the R&R because the costs of re-filing his motion would be unduly burdensome and duplicative. (Pl.'s Obj. ¶ 8.) Defendants do not object to Plaintiff citing to his previously filed declaration and exhibits in support of his motion for summary judgment provided he cites to the docket number and clearly indicates to which of the previously filed exhibits he is referring. (Defts.' Response (Docket No. 78) n.1.) Given Defendants' courtesy, the Court will allow Plaintiff to refer to his previously filed exhibits in future submissions.

In his objections to the R&R, Plaintiff requests that the Court grant Defendants an extension to respond to his Motion for Summary Judgment. (Pl.'s Obj. at 4.) This is

peculiar because Plaintiff refused to stipulate to an extension when Defendants requested one. (Jacot Aff. Ex. B.) Presumably, now at risk of incurring further litigation costs, Plaintiff has changed his tune. The Court suggests that Plaintiff extend the same courtesy to Defendants that Defendants have extended to Plaintiff.

Finally, Plaintiff objects to the R&R because "[s]peedy disposition of this case is beneficial to all parties." (Pl.'s Obj. ¶ 9.) Again, the Court agrees with this sentiment. But short-term speed will not replace long-term efficiency in this case. Plaintiff's Motion for Summary Judgment is premature and hearing it now would lead to piecemeal litigation.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 72) is **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment (Docket No. 62) is **DENIED without prejudice**; and

3. Defendants' Motion for Extension is (Docket No. 67) is **DENIED as moot.**

Dated: September 6, 2016

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge