# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Matthew Prow,                      Case No. 15-cv-3857 (PAM/SER)

         Plaintiff,

v.                             **MEMORANDUM AND ORDER**

Tom Roy, John King,
Sandra O'Hara, Steve Hammer,
Mary McComb, Carol Kripner,
Regina Stepney, Lieutenant Lindell,
and Sergeant Hillyard,

         Defendants.
_____

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Steven E. Rau dated June 21, 2017. In the R&R, Magistrate Judge Rau recommends denying Plaintiff's Motion for Summary Judgment, granting Defendants' Motion for Summary Judgment, denying Plaintiff's Motion for Temporary Restraining Order as moot, and dismissing this case with prejudice. Plaintiff filed timely objections to the R&R. According to statute, the Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

**BACKGROUND**

The R&R extensively details the factual and procedural history of Prow's claims and this Court will not repeat that history in full here. In brief, Prow is an inmate at the Minnesota Correctional Facility at Stillwater, where he is serving a sentence for second-

degree murder. While incarcerated, Prow requested certain books, images, and art supplies, and also sought to mail out self-addressed stamped envelopes. Defendants denied Prow's requests because they violated the Minnesota Department of Corrections' ("DOC") Contraband Policy 301.030, which prohibits possession of sexually explicit materials; Hobby Craft Policy 204.047, which limits access to certain art supplies; and Mail Policy 302.020, which prohibits inmates from including self-addressed stamped envelopes in outgoing mail. Prow then filed this lawsuit under 42 U.S.C. § 1983, alleging that Defendants violated his First and Fourteenth Amendment rights by denying his requests.

**DISCUSSION**

In considering the cross-Motions for Summary Judgment, Magistrate Judge Rau thoroughly set forth the applicable legal standard. The regulation of a prisoner's constitutional rights is valid if "'it is reasonably related to legitimate penological interests.'" (R&R (Docket No. 160) at 7 (citing Turner v. Safley, 482 U.S. 78, 89 (1987)).) The reasonableness of the regulation depends on four factors: (1) whether there is a valid, rational connection between the regulation and the government interest put forward to justify it; (2) the existence of alternative means available to the prisoner to exercise their right; (3) the impact of an accommodation on guards, inmates, and prison resources; and (4) the absence or availability of ready alternatives. (Id. (citing Turner, 482 U.S. at 89-90).)

The R&R identified the primary issues as the constitutionality of Defendants' application of the Contraband Policy, the Hobby Craft Policy, and the Mail Policy.

2

Defendants explained that the policies were designed to further the legitimate penological interests of safety, preventing sexual harassment, rehabilitating sex offenders, and effectively managing important mailroom duties. The R&R cited numerous cases concluding that each of the goals articulated by Defendants are neutral and legitimate. It also found that the regulations were reasonable in their restrictions, setting appropriate boundaries for the three policies. (Id. at 8-26.) The R&R further concluded that Prow's procedural due process claim is without merit and that Defendants are entitled to qualified immunity in any event. (Id. 27-31.)

Prow raises seventeen repetitive and often-incoherent objections to the R&R. After conducting the required de novo review of all of Prow's objections, only three of those objections deserve mention here.

First, Prow argues that the R&R misconstrued Prow's claim as a challenge to the Contraband Policy's ban on sexually explicit materials. Prow maintains that he does not challenge the Contraband Policy's ban on sexually explicit materials, rather he argues that "not all images with nudity in them are [sexually explicit]." (Prow Decl. (Docket No. 110) at 5.) While this may be true, nudity still falls within the category of contraband and prison officials may bar prisoners from receiving materials that feature nudity.

Second, Prow objects to the R&R's reliance on multiple previous decisions in this jurisdiction that have upheld the constitutionality of the Contraband Policy. (See R&R at 9.) Although Prow maintains that his arguments are novel, this is not the first time that a prisoner has challenged the constitutionality of the DOC's Contraband, Hobby Craft, or Mail Policies. Indeed, Minnesota inmates have frequently challenged these policies in

this District and the R&R correctly used past precedent—while addressing recent de minimis changes in the policies—to come to a proper conclusion.

Finally, Prow objects to the R&R's analysis on qualified immunity. Prow argues that the analysis is cursory and prejudicial because the R&R initially stated that it would not provide analysis on qualified immunity. But this is simply wrong. The R&R stated that it would address the merits, including whether Defendants are entitled to qualified immunity, without addressing other collateral issues. (R&R at 6-7.) Moreover, the R&R correctly determined that Defendants are entitled to qualified immunity.

**CONCLUSION**

Defendants did not violate Prow's constitutional rights and are entitled to qualified immunity in any event. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Objections (Docket No. 161) are **OVERRULED**;
2. The R&R (Docket No. 160) is **ADOPTED**;
3. Plaintiff's Motion for Summary Judgment (Docket No. 107) is **DENIED**;
4. Defendants' Motion for Summary Judgment (Docket No. 91) is **GRANTED**;
5. Plaintiff's Motion for Temporary Restraining Order (Docket No. 115) is **DENIED as moot**; and
6. This case is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Sated: <u>July 31, 2017</u>  *s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge

4